ELIZABETH WHITTINGHAM, APPELLANT, v. TOWNSHIP
OF MILLBURN ET AL., RESPONDENTS.

Argued November 29, 1916—Decided December 5, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"Two ordinances, one to change the grade of Wyoming avenue, in the township of Millburn, and the other to widen the same avenue, have been brought up for review by separate writs of *certiorari*.

"The prosecutrix owns lands adjoining the avenue. Her status to prosecute the writs is not questioned.

"It is conceded that the ordinances are intended to accomplish part of a general scheme of abolishing certain grade crossings of the Delaware, Lackawanna and Western Railroad Company, one of the defendants.

"The township of Millburn entered into an agreement with the Delaware, Lackawanna and Western Railroad Company, providing, among other things, for the elimination of the grade crossing of Wyoming avenue, by raising it above the level of the tracks and crossing the railroad on a bridge.

"This contract was made September 20th, 1915, pursuant to the authority conferred by section 30 of an act entitled 'An act concerning railroads,' Revision of 1903 (*Pamph. L., p.* 645; 3 *Comp. Stat., p.* 4234, amended by chapter 57 of the laws of 1915). *Pamph. L., p.* 98.

"The first point made by counsel for prosecutrix is, that

the ordinances should be set aside because they are a part of a general illegal scheme. The general ground upon which this assertion is rested is that the township of Millburn does not come within the operation of the act of 1903 as amended.

"It is argued under this head that because the act of 1903 uses the phraseology 'municipality or township,' that it was intended to include all municipalities above the dignity of townships; that because in the amendment of 1915 of the act of 1903, the word 'township' was wiped out and the word 'municipality' only was allowed to remain, it was the plain intention of the legislature by the use of the word 'municipality' to exclude townships and only to include every political division of a higher rank than township, and that being so, the township of Millburn is excluded and therefore had no power to enter into the contract with the railroad company, and as a consequence the ordinances being a part of the scheme to effectuate the purposes of the contract are illegal and should be set aside. There is no substance to this contention. We think the legislature, by the amendment of 1915, clearly intended by the elimination of the word 'township' from the act and leaving therein the word 'municipality' to broaden the application of the act of 1903, to every municipality in which the condition described by the act existed, without regard to whether such a municipality is a city, town, township, borough, or the like.

"One of the primary objects expressed in the act and which the act seeks to accomplish is 'greater safety to persons and property.'

"We do not think it would be a reasonable construction of the act to hold that the legislature intended to protect the lives and property of those who inhabited municipalities which are termed cities and to leave the lives or property of those who inhabited municipalities which are not so denominated unprotected.

"When it is considered that there are eighty-five cities, towns and boroughs in this state each of which has a population of less than one thousand, and that there are twenty-two townships each of which has more than five thousand inhabit-

ants, and some of which have more than ten thousand inhabitants and as high as twenty thousand, it would easily be giving an absurd effect to the act by excluding from its operation townships which are by far more populous and in need of the power conferred by this legislation than are municipalities which are styled cities. We conclude, therefore, that the township of Millburn had the power to make the contract, and possessing that power it was authorized to effectuate the purpose of such contract by passing the ordinances assailed.

"It appears that the ordinance to change the grade of Wyoming avenue was passed on final passage on February 21st, 1916, and the ordinance to widen the same was passed April 17th, 1916. The writs were not applied for until May 27th, 1916, and under the ninety-third section of the Township act (4 *Comp. Stat., p.* 5609), the application was made too late. The section referred to forbids either *certiorari* or injunction to set aside any ordinance or resolution for any public improvement, &c., after thirty days have elapsed from the date of the adoption of the resolution or ordinance.

"We think, therefore, that the only question that we can properly consider is the attack made upon the constitutionality of the grade crossing elimination scheme contained in the General Railroad act. The precise point made in this regard being that section 30 of the Railroad act is unconstitutional, in so far as it attempts to enlarge the powers of municipalities.

"It does not appear that the constitutionality of this section has ever been challenged, but, on the contrary, it does appear that its effectiveness has been uniformly recognized by the courts of this state for almost fifty years.

"Besides all this, we think that the ground upon which this section is attacked is untenable. The subject-matter dealt with in section 30 of the Railroad act is cognate to the use and operation of railroads which necessarily cross public highways, &c. The scheme of the section is to permit railroads to make contracts with municipalities in regard to the use of public highways and this is clearly germane to the operation of railroads.

"Another point urged by counsel for the prosecutrix is that the ordinance did not receive the unanimous vote which under the act of 1899 (4 *Comp. Stat., p.* 5579) is required where the change of the grade of highway is the design.

"We think that this has reference only to improvements made in the usual course of development of such municipalities. The Railroad act contains no such provision. It provides that the municipal authorities may enter into contracts with railroad companies to secure the abolition of grade crossings. We think this power, inferentially, is to be exercised on the principle of a majority rule.

"Lastly, it is urged that the powers conferred on the township in making the agreement with the railroad company, were limited to the elimination of the grade crossings, and did not authorize the widening of the avenue. The answer to this objection is that if it became necessary, in order to eliminate the grade crossings, that the avenue should be widened, it was proper exercise of power.

"The writs will be dismissed and the proceedings affirmed, with costs."

For the appellant, *Cortlandt & Wayne Parker* and *John O. Bigelow.*

For the respondent township of Millburn, *Jerome T. Congleton.*

For the respondent Delaware, Lackawanna and Western Railroad Company, *Walter J. Larrabee.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 9.

*For reversal*—PARKER, BERGEN, JJ. 2.